STATE OF NORTH CAROLINA       IN THE GENERAL COURT OF JUSTICE

                                   SUPERIOR COURT DIVISION

COUNTY OF RANDOLPH            18 CVS _____

| | |
|---|---|
| SEAN STEPHEN WALKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| AMERICAN TRANSPORT, INC., | )     **VERIFIED COMPLAINT** |
| MARATHON TRANSPORT, INC., | )     **(JURY TRIAL DEMANDED)** |
| INTRANSIT, LLC, | ) |
| FLEET SOLUTIONS, LLC, | ) |
| DAVID HARTMAN, | ) |
| PAUL SONNTAG, | ) |
| | ) |
|     Defendants. | ) |

      NOW COMES the Plaintiff, Sean Stephen Walker, complaining of the Defendants

hereby alleges and says:

## PARTIES

      1.    Plaintiff, Sean Stephen Walker is a resident and citizen of Randolph County,

North Carolina.

      2.    Plaintiff, Sean Stephen Walker was previously a resident of Greenville County,

South Carolina until November 01, 2017.

      3.    *Defendant Marathon Transport, INC, is a corporation based in West Virginia with*

a principal place of business in Pittsburgh, Pennsylvania.

      4.    Defendant American Transport, INC is a corporation based in Pennsylvania with

a principal place of business in Pittsburgh, Pennsylvania.

5. Defendant Intransit, LLC, is a Limited Liability Company based in Delaware with a principal place of business in Pittsburgh, Pennsylvania.

6. Defendant Fleet Solutions, LLC, is a Limited Liability Company based in Delaware with a principal place of business in Pittsburgh, Pennsylvania.

7. Defendant David Hartman is the President of American Transport, INC, and Fleet Solutions, LLC and has an office in Pittsburgh, Pennsylvania.

8. Defendant Paul Sonntag is an employee of Intransit, LLC, and has an office in Pittsburgh, Pennsylvania.

9. Defendants at the date of the filing are represented by Joseph N. Gross of the Benesch Law Firm based in Cleveland, Ohio. It is unclear if Mr. Gross is admitted to practice law in the State of North Carolina.

10. Defendants engage in substantial activities within the boundaries of North Carolina, they have employees, terminals and agents within the borders of North Carolina are engaged in Interstate Commerce within and through the borders of North Carolina. Defendants have registered agents in North Carolina as required by the United States Department of Transportation and are in the business of contract formation and payments to individuals and companies within the borders of North Carolina and the solicitation of business relating to the transportation of goods from companies within North Carolina. Defendants also have a registered agent in North Carolina for litigation purposes in North Carolina (Exhibit A)

## BACKGROUND

11.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 10 of this complaint.

12.    Plaintiff has been an employee of American Transport and Marathon Transport for over 10 years.  Numerous Contracts have been signed and resigned but this complaint will focus on the two most recent ones.

13.    Plaintiff executed a contract with Marathon Transport on November 06, 2017 whereby he leased a tractor with an employee of the Plaintiff to drive the unit in performance of this lease.  The lease has a one year term and would have expired on November 05, 2018. (Exhibit B).  Plaintiff secured the driver and the tractor unit to complete this contract and the contract had a value in excess of $500,000.00.

14.    Plaintiff executed a lease with American Transport on February 05,2018 whereby he leased three tractors with employees of the Plaintiff to drive the units in performance of this lease.  The lease has a one year term and would have expired on February 04, 2019.  (Exhibit C) Plaintiff relied on the information provided to him by David Hartman to implement this contract and before the signing of the contract on reliance and promotion from David Hartman, Plaintiff retained a new unit for the completion of the one year contract with the acquisition of the 05804 which also had a one year finance contract that would have been required to be paid off by the end of the new one year contract term.  With the acquisition of the 05804 unit to perform the new one year contract Plaintiff had three units and drivers contracted with American Transport.  This contract had a value in excess of $1,500,000.00.

15.     Plaintiff has no contractual relation with Intransit LLC and has never entered into or signed any documents relating to a contract between the Plaintiff and Intransit LLC.

16.     On April 28, 2017, Plaintiff entered into a purchase agreement with Fleet Solutions for finance purposes only whereby Plaintiff picked out a unit, made a purchase offer for the unit to a private seller in the amount of $20,346.00 and Fleet Solutions acted as a finance company for the 93311 unit. (Exhibit D) The unit was purchased for a term of one year with weekly payments of $414.66 and was paid in full on the week of April 20, 2018.  This unit is currently paid off and Fleet Solutions has willfully withheld the unit from the Plaintiff and converted the unit for their own use on the orders of Paul Sonntag of Intransit LLC. (Exhibit E)

17.     On February 05, 2018, Plaintiff entered into a purchase agreement with Fleet Solutions for finance purposes only whereby Plaintiff picked out a unit, made a purchase offer for the unit put $5,000.00 down with a private seller and Fleet Solutions acted as a finance company for the remaining balance of $15,000.00 for the 05804 unit. (Exhibit F)  Plaintiff has made demands for the payoff amount of the 05804 unit and has yet to be advised on a payoff amount for the unit as of the date of this filing.  Instead of sending the Plaintiff the payoff amount Fleet Solutions has repossessed the truck on the orders of Paul Sonntag of Intransit LLC.

18.     On April 2, 2018 after finding out that one unit could not find a copy of his inspection, the spouse of the Plaintiff sent copies or procured copies of the inspections of all the units for DOT roadside purposes until inspections were performed by the April 10, 2018 deadline as required by American Transport and Marathon Transport.  During this issuance of copies of the inspections the cu unit inadvertently received a copy of the inspection for the 204205 unit.  Once this error was noticed the 93311 unit received the correct copy of the

inspection for the 93311 unit. All units at this time that was required to be inspected were given orders to plan in their routes and have the inspections performed.

19.      On May 01, 2018, Defendant David Hartman acting on behalf of American Transport took a phone call from an employee of the Plaintiff and without the knowledge of the Plaintiff ordered the abandonment of the unit 93311 and the military load that was assigned to the unit that was currently in the shop for repairs. David Hartman informed the Plaintiff only after offering the employee of the Plaintiff a rental car to go home and giving him permission to abandon his post and had even already talked to Aaron Fuentes of Aetna Freight Lines about a delay in the delivery before David Hartman informed the Plaintiff about what he had done with his employee at 16:09 PM. The Plaintiff was ordered by David Hartman to allow the employee of the Plaintiff to go home abandon the load and equipment and that he had instructed the employee of the Plaintiff to return to the unit on May 08, 2018. This is in clear violation of the Service Agreement Sec 3.09 whereby it states "Contractor affirmatively acknowledges that all such persons shall be Contractor's employees or agents exclusively, and shall be subject solely to Contactor's directions and control." David Hartman did not give the Plaintiff any say in the orders on the behest of American Transport he was just informed on what David Hartman had instructed his employee to do.

20.      On May 08, 2018, the employee of the Plaintiff failed after being paid his weekly salary of $1,500.00 for the week he was off with pay on the orders of David Hartman did not recover the unit or report to work as David Hartman had told the plaintiff that he would.

21.      On May 09, 2018, Plaintiff terminated the employment of the employee at 09:05 AM.

22.    On May 09, 2018, Plaintiff received a phone call about an inspection on the unit 93311 that the employee had turned into American Transport. Plaintiff informed the individual that the drivers were responsible for turning in the inspections via transflo and that he would have to search and see if he could find a copy of the inspection as all four units were instructed to get their trucks inspected and all the units had scanned in their inspections to American Transport or Marathon Transport depending on the unit. Some inspections are scanned in some in the case of the 447 unit leased onto Marathon Transport were faxed in by the facility doing the inspection but no employees of the Plaintiff were required to send a copy to the Plaintiff as this is a requirement of American Transport and Marathon Transport. Plaintiff informed the individual that all his units had inspections and that he would have to request them from the units to get a copy for her.

23.    On May 09, 2018 at 17:47 Plaintiff received a phone call from David Hartman informing him that his contracts were cancelled and that he was terminated and that all units would be allowed to be returned to North Carolina. This was not the case as Paul Sonntag of Intransit LLC, had put a hold on all the units on May 09, 2018.

24.    Plaintiff was left with one unit abandoned on the orders of David Hartman when he unilaterally took control of the employee of the Plaintiff in Ohio and one unit was left stranded in Tampa Florida and was not allowed to be moved on the orders of Paul Sonntag of Intransit, LLC. The trailers and equipment were also stranded with issuance of the no-go order from Paul Sonntag of Intransit, LLC.

25.    The shop that was currently in possession of the unit 93311 was instructed not to let the unit move without the permission of Paul Sonntag of Intransit, LLC and after May 09,

2018 the shop would only communicate with American Transport and would not communicate with the Plaintiff.

26.    Defendant David Hartman and American Transport then entered into a criminal and civil conspiracy with Paul Sonntag and Intransit, LLC in an attempt to harm the Plaintiff. Defendants knowingly and willfully and in a concert of action committed the act of commercial bribery in violation of NCGS § 14-353 when it then promised the contracted employee (Exhibit I) of the Plaintiff employment and offered the employee of the Plaintiff the contract that was agreed upon by the Plaintiff and the Defendants. The actions of the defendants have damaged the plaintiff in an amount in excess of $500,000.00.

27.    Defendant David Hartman and American Transport then entered into a civil conspiracy with Paul Sonntag and Intransit, LLC in an attempt to harm the Plaintiff. Defendants discussed the alleged reasons for the cancellation of the contracts with an agent of American and Marathon Transport with ill will and malice to libel and slander the Plaintiff on May 10, 2018. (Exhibit)

28.    Plaintiff after many communications with David Hartman issued last demands and attempts to resolve this dispute equitably. Plaintiff gave David Hartman many alternatives to abide by the contract and the agent for American and Marathon transport even offered to handle the units for the Plaintiff pending the outcome of the dispute. David Hartman and American Transport refused even this offer. With this refusal the Plaintiff started discussions with the NCDOR and the FLDOR and the IRS asking for a ruling on "status of employee determinations" It is unclear at this time if David Hartman and American Transport have the authority to give the employees of the Plaintiff orders in contradiction with the orders of the Plaintiff are the employees of the Plaintiff or is the Plaintiff and his employees actually the

employees of American and Marathon Transport respectively and subject to the command and control of the Defendants. If this is the case Defendants are liable and owe a refund to the Plaintiff for all taxes and insurances paid on behalf of the employees of the Plaintiff. Furthermore, Defendants would also be required to pay insurances and taxes on behalf of the Plaintiff during his 10 year tenure with American and Marathon Transport. This would include FICA, Medicaid Taxes and unemployment insurance and workers compensation.

29.     Plaintiff then after exhausting all efforts and learning of the hiring of the former employee of the Plaintiff by the Defendants started seeking contracts and employment for his remaining three employees. Plaintiff engaged contract negotiations with High Country Transportation, out of Texas and Ring Around LLC, out of Alabama. The drivers completed their applications and performed drug tests and at the end of the negotiations Plaintiff was leaning towards Ring Around LLC.

30.     High Country and Ring Around had already offered contracts to the Plaintiff and High Country verified the employment history of the Plaintiff and his drivers with American Transport and Marathon Transport. Ring Around did not verify nor were they going to require the verification of the employment of the Plaintiff only the drivers of Plaintiff with American Transport and Marathon Transport. The Plaintiff signed a release for employment verification with High Country (which had already been verified) however he did not sign any release for American or Marathon Transport to verify his employment with Ring Around nor had he even filled out an application with Ring Around only the employees of the Plaintiff filled out releases.

31.     David Hartman of American Transport then entered into a Criminal and Civil Conspiracy with Paul Sonntag of Intransit, LLC, and committed a violation of NCGS § 14-353 whereby Blacklisted the Plaintiff. David Hartman the President of American Transport

personally acquired the knowledge of the contracts from and in a concert of action with Paul Sonntag of Intransit, LLC in an attempt to harm the Plaintiff with ill will and malice. David Hartman then committed a tortious interference with the prospective contracts of the Plaintiff with High Country and Ring Around. David Hartman illegally acquired the information and Paul Sonntag illegally authorized the release of the information to David Hartman in regards to Ring Around to interfere with the contract negotiations between Ring Around and the Plaintiff by Blacklisting the Plaintiff. No authorization or release was signed by Plaintiff authorizing the release or communication with Ring Around by American Transport or Intransit LLC. David Hartman in a concert of action with Paul Sonntag acquired the information about Ring Around from the employment verifications of the employees of the Plaintiff. David Hartman admits this in an electronic email (Exhibit J) after the communication from David Hartman with Ring Around the contract negotiations ceased. High Country informed the Plaintiff that his communication with them was unsolicited and that the contract negotiations between the Plaintiff and High Country was none of his business and they hung up on him. The loss of the contract with Ring Around damaged the Plaintiff in an amount in excess of $3,000,000.00.

32.     Plaintiff has no contract or agreement with Intransit, LLC. Plaintiff only has contracts with American Transport and Marathon Transport and it is unclear the contractual authority that Intransit, LLC has to trespass onto the chattel of the Plaintiff or give orders of any kind to the Plaintiff in regards to his contracts with American Transport, Marathon Transport or Fleet Solutions.

33.     As of the time of this filing Plaintiff has been denied access to the 93311 and 05804 units. Defendant David Hartman acting as both (President of American Transport and InFleet Solutions) on May 10, 2018 told the plaintiff that he would have to send the truck titles to

Illinois and that he would have the titles to the two units in his name in two weeks so he could move the trucks to the new carrier. (Exhibit G) Plaintiff followed up on May 16, 2018 when he sent an email to Jennifer Dempster and David Hartman (Exhibit H) inquiring about the trailer titles that were supposed to be sent off to Illinois to be put in the name of the Plaintiff so that he may use the units at the new carrier. David Hartman was fully informed of the purpose of needing the titles when he agreed to have them switched to the name of the Plaintiff. Defendants are aware that 93311 is paid off and that Plaintiff has demanded numerous times for the payoff amount or where to send the payments for the 05804 unit or where to send the payments. Plaintiff has also discovered that Fleet Solutions, LLC does not have a dealer license that is required by Pennsylvania Code, Georgia and South Carolina Statutes. Plaintiff purchased 93311 from a private seller and signed the contract in Georgia for the unit and 05804 was purchased in South Carolina from a private seller after the Plaintiff paid the private party $5,000.00 down. The contract for 05804 was signed in Randolph County, North Carolina. Fleet Solutions, LLC also does not have a license to operate as a lending institution in any State that Plaintiff can ascertain.

34. Plaintiff while still waiting on the truck and trailer titles that David Hartman said would be two weeks out and with no information on how to make payments or buy out amount for the 05804 unit was informed by his employee that the unit was stolen and missing from where it was sitting. Upon notice of the missing unit the employee of the Plaintiff reported the unit stolen. Plaintiff inquired of David Hartman as to the status of the unit or if he had any knowledge of the whereabouts of the unit and received no response. Defendants instead called the employee of the Plaintiff and informed him that the unit had been repossessed and proceeded to discuss other financial statuses of the Plaintiff with the employee of the Plaintiff. This was done with ill will and spite and was in violation NCGS § 75-53 of the North Carolina Fair Debt

Collections Act and was an attempt to slander the Plaintiff in an attempt to harm the employment relationship between the Plaintiff and his employee.

35. On June 13, 2018 American Transport received an insurance settlement check on the behalf of the Plaintiff in the amount of $2,225.39 (Exhibit K) Plaintiff has been waiting on this settlement for over 8 months upon notice by Connie Acker the Plaintiff asked the funds to be sent to him immediately and Connie Acker sent the request per her email to be paid to the Plaintiff. Defendants David Hartman have since refused to release the funds to the Plaintiff and have decided instead to embezzle the funds in violation of NCGS § 14-90.

36. The defendants have conspired to engage in a "pattern of racketeering activity" in violation of NCGS § 75D-4 of the North Carolina Racketeer Influenced and Corrupt Organizations Act (RICO) The numerous actions of the defendants are criminally indictable and are not overt or isolated they are planned and organized and have the intent to control the money and personal property of intimidate the plaintiff. Plaintiff has sent notice to the Attorney General of North Carolina as required by Statute.

## FIRST CAUSE OF ACTION
### (Breach of Contract Sec 3.09)

38. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 37 of this complaint.

39. David Hartman violated Sec 3.09 of the contract when he took control of the employee of the Plaintiff. David Hartman authorized the abandonment of the 93311 unit and the trailer loaded in Ohio and did override the Plaintiff's orders in regards to this employee. David Hartman then proceeded to instruct the Plaintiff to pay the $1,500.00 salary of the employee

since he had cleared him to abandon the equipment and return on Tuesday the following week to recover it.

40.     David Hartman then violated Sec 3.09 when he ordered the Plaintiff to dispatch unit 447 at a cost to the Plaintiff in fuel, maintenance and taxes over 700 miles to recover the loaded trailer.  This also had a salary cost of $1,050.69 for the employee of the Plaintiff in wages.  To recover the load that David Hartman ordered abandoned cost the Plaintiff $7,650.00 in actual cost and expected revenue.

41.     The breach of Sec 3.09 by David Hartman and American Transport damaged the Plaintiff in the amount of $9,150.00 for the breach of Sec. 3.09 of the agreement.

42.     Plaintiff seeks damages in the amount of $9,150.00 from Defendants jointly and severally.


## SECOND CAUSE OF ACTION
**(Tortious interference of a Contract Right of Employee Relationship with Employer)**

43.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 42 of this complaint.

44.     On May 01, 2018, the Plaintiff had an employee under contract to drive the unit known as 93311.

45.     On May 01, 2018, Defendants interfered with this contract by interceding and forcing the Plaintiff to comply with the orders they gave the employee of the Defendant.

46.     Defendants then induced the employee through a concert of actions to sever the contract through the use of commercial bribery in violation of NCGS § 14-353.

47.     Plaintiffs loss of use of his contracted employee has damaged the Plaintiff in an amount in excess $500,000.00.

48.     Defendants authorized the employee to abandon the equipment without the consent of the Plaintiff this has resulted in damages to the Plaintiff in the amount of $20,156.32 for the unit and $2,317.00 for the gear that was with the unit.

49.     Plaintiff seeks damages from the defendants both jointly and severally in the amount of $500,000.00 for the Tortious Interference of a Contract with the employee of the Plaintiff.

50.     Plaintiff also asks for punitive and treble damages as allowed.


### THIRD CAUSE OF ACTION
### (Breach of Contract Cancellation)

51.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 50 of this complaint.

52.     Plaintiff was given no notice of the pending cancellations of the contracts that were for a definite term.

53.     Plaintiff was unaware that the Defendants were going to cancel the Contract with the Plaintiff without notice and in turn hire the employee of the Plaintiff in the place of the Plaintiff.

54.     Defendants cancellations of the contracts have damaged the Plaintiff in the amount in excess of $2,000,000.00 in revenue and $42,473.32 in lost equipment and gear, and $18,000.00 in wages paid to employees during the transition period.

55.     Plaintiff seeks damages from the defendants both jointly and severally in the amount of $2,060,473.32 for the breach of contract due to cancellation.

56.,     Plaintiff also asks for punitive and treble damages as allowed.

## FOURTH CAUSE OF ACTION
### (Tortious Interference with Prospective Economic Advantage)

57.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 56 of this complaint.

58.     Defendants did commit a Tortious Interference with a Prospective Economic Advantage. By his own admission David Hartman confesses to calling the prospective clients and contracts of the Plaintiff without cause and own his own authority. David Hartman acting on behalf of American Transport stated to High Country Transport and Ring Around Transport that he was the President of American Transport and then began to assault the credibility and inquire as to the status of the agreements between the Plaintiff and both companies. At no time was any release signed by the Plaintiff for the unauthorized intrusion into the negotiations. None of the companies solicited this information from American Transport. David Hartman acting on behalf of American Transport did this own his own accord and acquired the knowledge of the contracts by illegally intercepting the employment reference requests of the employees of the plaintiff as required by the Department of Transportation.

59.     David Hartman on the behalf of American Transport and in a concert of action with Paul Sonntag of Intransit, LLC, did contact the prospective contracts with ill will and spite with an intent to Blacklist the Plaintiff in violation of NCGS § 14-355. This resulted in the delay of reemployment of the employees of the Plaintiff who had decided to go with Ring Around Transport who after the communication with David Hartman backed out of the contract the day that the Plaintiff was in Raleigh to get the tags for the units and after the drug tests had been done by the employees of the Plaintiff.

60.     Defendants tortious interference with a prospective economic advantage by blacklisting the Plaintiff cost the Plaintiff a contract worth in excess of $4,000,000.00 and caused

another two week delay in switching the employees and trucks back to High Country at a realized loss of $30,000.00 and another $9,000.00 in wages paid by the Plaintiff.

61.     Plaintiff seeks damages in excess of $4,039,000.00 both jointly and severally for the actual and realized losses of the defendants blacklisting and tortious interference with a prospective economic advantage.

62.     Plaintiff also asks for punitive and treble damages as allowed.

## FIFTH CAUSE OF ACTION
### (Tortious Interference of a Contract by Paul Sonntag and Intransit, LLC)

63.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 62 of this complaint.

64.     On May 09, 2018, Defendant Paul Sonntag of Intransit, LLC locked out the equipment of the Plaintiff and ordered all units to not be moved.

65.     Plaintiff has no contract with Intransit, LLC and does not know where the authority of a company by which the Plaintiff has no contract with can lock out the units.

66.     Plaintiff asked American Transport and Marathon Transport about the locking out and under what authority Intransit, LLC had to strand the units under the contract between the Plaintiff and American Transport and Marathon Transport.  David Hartman responded because they can and there was nothing he could do.     .

67.     The actions of Paul Sonntag caused even more damages to the Plaintiff with the abandoned and stranded equipment.  David Hartman was stating you can drive them even though flagged but you may not load them. For liability purposes Plaintiff requested that the holds be removed that request was denied as it was the intent of Paul Sonntag to finish off the Plaintiff.

There was no secret that Paul Sonntag and the Plaintiff was always strained. This strain was caused during the hiring process of Chris Sinclair an African American applicant of the Plaintiff that was approved by American Transport then worked a notice with his previous employer then after Paul Sonntag saw the photo of the applicant on his driver's license he would not allow him to work. Plaintiff accused Paul Sonntag's decision based on the looks of the applicant racial in nature and accused him of racial discrimination. Paul Sonntag hung up on the Plaintiff and their relations were strained ever since this incident.

68.     The black flagging of the units by Paul Sonntag from Intransit, LLC was improper and without authority or cause. The Plaintiff has no contract with Intransit, LLC the Plaintiff only has contracts with American Transport and Marathon Transport. The tortious interference with the contracts by Intransit, LLC led to damages in excess of $25,000.00 to be proven at trial.

69.     Plaintiff seeks damages from the Defendants both jointly and severally in an amount in excess of $25,000.00 to be determined at trial.

70.     Plaintiff also asks for punitive and treble damages as allowed.

## SIXTH CAUSE OF ACTION
### (Trespass to Chattel and Personal Property)

71.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 70 of this complaint.

72.     Defendants locked out and stole the equipment and gear of the Plaintiff on May 09, 2018. Paul Sonntag ordered the equipment with the unit numbers 93311, 447, 204205 and 05804 without cause or authority not to be moved. Then retroactively without cause ordered the equipment units numbered 93311 and 05804 recovered but would not allow the Plaintiff to recover the equipment.

73.     Unit 93311 is currently through conversion in the possession and use by the Defendants and the gear attached on and in the unit is known in the possession of the ex employee of the Plaintiff. David Hartman authorized the theft of the equipment upon his hiring of the ex employee of the Plaintiff and former driver of that unit. Unit 93311 was paid off at the time of the repossession and recovery of the unit. Intransit, LLC and Fleet Solutions had no more claim to this unit. As of the date of this filing the location and status of the Unit is still unknown to the Plaintiff.

74.     Unit 05804 only has a balance owed of about $12,000.00 Plaintiff has asked numerous times for the payoff amount or where to send payments and asked where is the title as promised by David Hartman of this unit and no one at American Transport, Intransit or Fleet Solutions has offered any information on the unit.

75.     Defendants trespass to the chattel of the Plaintiff has damaged the Plaintiff in the amount of $42,473.32.

76.     Plaintiff seeks damages from the defendants jointly and severally in the amount of $42,473.32.

77.     Plaintiff also asks for punitive and treble damages as allowed.

### SEVENTH CAUSE OF ACTION
#### (Embezzlement)

78.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 77 of this complaint.

79.     Plaintiff had an insurance claim form almost one year ago that he has been waiting to be settled in the amount of $2,225.39.

80.     On June 06, 2018, Plaintiff was informed that Defendants was in possession of the settlement check on the behalf of the Plaintiff and that they would deposit it the same day.

81. Plaintiff was then informed on June 15, 2018 that the defendants would not forward the funds that they were going to keep them for their own personal use.

82. Defendants have no claim to the funds and only received the funds on the behalf of the Plaintiff. Defendants have no authority to withhold the insurance settlement that they intercepted that was slated for the Plaintiff.

83. Plaintiff seeks damages from the defendants both jointly and severally in the amount $2,225.39.

84. Plaintiff also asks for punitive and treble damages as allowed.

## EIGHTH CAUSE OF ACTION
### (Constructive Fraud)

85. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 84 of this complaint.

86. Defendant David Hartman had a position of trust between himself and the Plaintiff over a 10 year contractual relationship with the Plaintiff and in his position as President of American Transport.

87. Defendant David Hartman used this position of trust and confidence to recruit through commercial bribery the employee of the Plaintiff then used statements by the employee although he was forbidden by Sec. 3.09 of the agreement to have any communications with the employees of the Plaintiff against the Plaintiff.

88. Defendant David Hartman did this with ill will and intent so that he could take the employee of the Plaintiff for his own use.

89. Plaintiff was not aware of the communications between David Hartman and the employee until he admitted to it in an email (Exhibit I)

90.     As a result of the constructive fraud upon the Plaintiff the Plaintiff has damages in excess of $25,000.00.

91.     Plaintiff seeks damages from the defendants both jointly and severally in an amount in excess of $25,000.00 to be determined at trial.

92.     Plaintiff also asks for punitive and treble damages as allowed.

## NINTH CAUSE OF ACTION
### (Fraud)

93.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 92 of this complaint.

94.     Defendant David Hartman on behalf of American Transport made numerous false statements about the contract with American Transport and Marathon Transport. Upon the supposed investigation David Hartman called the Plaintiff and told him to give him time he was still investigating the issue knowing his statement was false.

95.     At the time David Hartman realized litigation was on the horizon he made up this false investigation to starve out the Plaintiff to terminate the lease voluntarily while knowing that the Plaintiff was not allowed to carry out his contract and that all the trucks were blacked out.

96.     Defendant David Hartman at the time knew this statement was false and even again reaffirmed the false statement in an email.

97.     Defendant David Hartman in attempted to cover up his wrong doing in the termination of the contract and other miscellaneous tortious actions kept leading the Plaintiff on into stalling until the end of the month on a false hope.

98.     Plaintiff and his Parent Terminal AT450 were holding out hope for a positive outcome based on the false statements of David Hartman. It was stated by David Hartman to the

Parent Terminal of the Plaintiff that there was no investigation that this was a done deal way in advance of his actual cover up of his actions.

99.     Plaintiff incurred damages in excess of $25,000.00.

100.    Plaintiff seeks damages from the defendants both jointly and severally in an amount in excess of $25,000.00 to be determined at trial.

101.    Plaintiff also asks for punitive and treble damages as allowed.

## TENTH CAUSE OF ACTION
### (Defamation – Slander per Se)

102.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 101 of this complaint.

103.    Defendant David Hartman communicated to multiple individuals that the Plaintiff had committed Fraud.

104.    Defendant communicated this statement numerous times to numerous individuals and was discussing the Fraud without regards to the truthfulness of the statement.  (Exhibit)

105.    This statement even according to David Hartman is still under investigation and David Hartman has no knowledge of the source of this document.

106.    David Hartman uttered and caused to be uttered the false statement without actual knowledge of the truthfulness of the statement or exercising ordinary care to determine whether the statement was false.

107.    Plaintiff has suffered damages in an amount in excess of $25,000.00.

108.    Plaintiff seeks damages from the defendants both jointly and severally in an amount in excess of $25,000.00 to be determined at trial.

109.    Plaintiff also asks for punitive and treble damages as allowed.

## ELEVENTH CAUSE OF ACTION
### (Defamation – Slander per Quod)

110.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 109 of this complaint.

111.    Defendant David Hartman knowingly made statements alleging that the Plaintiff had committed fraud.

112.    Defendant David Hartman knowingly communicated this statement to the point that it reached more than one person.

113.    Defendant David Hartman at the time the statement was made knew it was false and could not be proved.

114.    Defendant David Hartman intended this statement to harm the plaintiff and made it with ill will and malice.

115.    The individuals that the Defendant uttered the statements to understood what the statement meant.

116.    At the time the statement was made the defendant failed to exercise ordinary care in order to determine if the statement was false.

117.    Plaintiff has suffered damages in an amount in excess of $25,000.00.

118.    Plaintiff seeks damages from the defendants both jointly and severally in an amount in excess of $25,000.00 to be determined at trial.

119.    Plaintiff also asks for punitive and treble damages as allowed.

## TWELTH CAUSE OF ACTION
### (Violation of NCGS § 75-53)

120.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 119 of this complaint.

121.    Defendants on June 15, 2017 violated NCGS § 75-53 in which *"No debt collector shall unreasonably publicize information regarding a consumer's debt. Such unreasonable publication includes, but is not limited to, the following:*

*(1) Any communication with any person other than the debtor or his attorney"*

122.    Plaintiff on June 15, 2017 inquired and informed the Defendants that the 05804 unit was missing and had been reported stolen by the employee of the Plaintiff.

123.    Defendants then proceeded to call the employee of the Plaintiff and communicated to him numerous things but up to and including that they had repossessed the unit.

124.    Defendants did not respond to the Plaintiff at all they only communicated this information to the employee of the Plaintiff.

125.    Defendants wrap around communications was done with ill will and spite and actual malice in an attempt to humiliate the Plaintiff with his employee.

126.    Plaintiff seeks damages from the defendants both jointly and severally in an amount of $4,000.00.

127.    Plaintiff also asks for punitive and treble damages as allowed.

## THIRTEENTH CAUSE OF ACTION
### (Civil Conspiracy)

128.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 127 of this complaint.

129.    Defendants engaged in a civil conspiracy against the plaintiff.

130.     Defendants American Transport, Intransit, LLC, David Hartman and Paul Sonntag in a concert of action to injure the Plaintiff.

131.     Defendants unlawfully and in a concert of action without regard to the consequences to the Plaintiff with ill will and malice did commit the unlawful acts by violating NCGS § 14-353, NCGS § 14-90 and NCGS § 14-355.

132.     The actions of the defendants are not random they are calculated and coordinated in an attempt to injure the plaintiff.

133.     Plaintiff seeks damages from the defendants both jointly and severally in an amount in excess of $25,000.00 to be determined at trial.

134.     Plaintiff also asks for punitive and treble damages as allowed.

## FOURTEENTH CAUSE OF ACTION
### (Violation of NCGS § 75D-4 of the North Carolina Racketeer Influenced and Corrupt Organizations Act (RICO)

135.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 134 of this complaint.

136.     Defendants did engage in a pattern of racketeering activity through a pattern of racketeering activities maintain, directly control of the business of the plaintiff.

137.     Defendants did engage in a pattern of racketeering activity through a pattern of racketeering activities maintain, directly control of the personal property of the plaintiff.

138.     Defendants did engage in a pattern of racketeering activity through a pattern of racketeering activities maintain, directly control of the money belonging to the Plaintiff.  That the defendants have in escrow or have received on his behalf.

139.   Plaintiff seeks damages from the defendants both jointly and severally in an amount in excess of $25,000.00 to be determined at trial.

140.   Plaintiff also asks for punitive and treble damages as allowed.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff prays the Court:

1.   That Plaintiff have and recover both jointly and severally its actual, incidental and consequential damages from the defendants;

2   That Plaintiff have and recover both jointly and severally treble damages against the defendants, where such damages are allowed by statute;

3.   That Plaintiff have and recover both jointly and severally punitive damages from the defendants;

4.   For a trial by jury on all issues; and

5.   For such other and further relief as may be available under law, or as the Court deems just and proper.

This the 18th day of June, 2018.

Sean Stephen Walker (Pro Se)
2748 Eden Forest Drive
Sophia, NC 27350
(864) 363-1860

## VERIFICATION OF COMPLAINT

**NORTH CAROLINA**

**RANDOLPH COUNTY**

I, Sean Stephen Walker, being first duly sworn, deposes and says-that he has read the foregoing Complaint and that it is based upon his knowledge, information and belief; and those allegations made upon information and belief are true to the best my knowledge, information and belief.

This the 18th Day of June, 2018

_____
Sean Stephen Walker (Pro Se)
2748 Eden Forest Drive
Sophia, NC 27350
(864) 363-1860

Sworn to and subscribed before me this _____**18**_____ day of June, 2018.

_____
Notary Public

My Commission Expires: **10|14|2020**

SEAL
JEANNETTE NINO
NOTARY
PUBLIC
RANDOLPH COUNTY, NC

## STATE OF NORTH CAROLINA

FILED

**RANDOLPH** County

File No. 18CVS1306

In The General Court Of Justice

2018 JUN 18 P 3:16

RANDOLPH CO., C.S.C.

BY _____

*Name And Address Of Plaintiff*
SEAN STEPHEN WALKER
2748 EDEN FOREST DRIVE
SOPHIA, NC 27350

**VERSUS**

**SERVICEMEMBERS CIVIL RELIEF ACT
AFFIDAVIT**

*Name And Address Of Defendant*
DAVID HARTMAN
100 INDUSTRY DRIVE
PITTSBURGH, PA 15275

50 U.S.C. 3901 to 4043

**NOTE:** *Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.*

| AFFIDAVIT |
| --- |

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - ☐ a. I have personal knowledge that the defendant named above is in military service.*
   - ☒ b. I have personal knowledge that the defendant named above is **not** in military service.*
   - ☐ c. I am unable to determine whether the defendant named above is in military service.*

2. *(check one of the following)*
   - ☐ a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
     - ☐ The results from my use of that website are attached.
     - (**NOTE:** *The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser.")*
   - ☒ b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: *(State how you know the defendant is not in the military. Be specific.)*

     HAVE PERSONAL KNOWLEDGE
     
     _____
     _____
     _____
     _____
     _____

**\*NOTE:** *The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).*

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | Date 6/18/18 |
| --- | --- |

*Date* 6/18/18

*Signature Of Person Authorized To Administer Oaths*

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court  ☐ Magistrate

☒ Notary

SEAL
ANNETTE M
RANDOLPH COUNTY
NOTARY PUBLIC

*Signature Of Affiant*

*Name Of Affiant (type or print)*
Sean Stephen Walker

*Date My Commission Expires* 10/14/2022

**NOTE TO COURT:** *Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.*

(Over)

AOC-G-250, Rev. 1/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

FILED

RANDOLPH _____ County

2018 JUN 18 P 3: 16

RANDOLPH CO., C.S.C.

BY _____ JL

**File No.** 18CVS1306

In The General Court Of Justice

Name And Address Of Plaintiff
SEAN STEPHEN WALKER
2748 EDEN FOREST DRIVE
SOPHIA, NC 27350

**VERSUS**

Name And Address Of Defendant
PAUL SONNTAG
100 INDUSTRY DRIVE
PITTSBURGH, PA 15275

**SERVICEMEMBERS CIVIL RELIEF ACT
AFFIDAVIT**

50 U.S.C. 3901 to 4043

**NOTE:** Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.

|  | **AFFIDAVIT** |
|---|---|

I, the undersigned Affiant, under penalty of perjury declare the following to be true:
1. As of the current date: (check one of the following)
   - ☐ a. I have personal knowledge that the defendant named above is in military service.*
   - ☒ b. I have personal knowledge that the defendant named above is **not** in military service.*
   - ☐ c. I am unable to determine whether the defendant named above is in military service.*
2. (check one of the following)
   - ☐ a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
     ☐ The results from my use of that website are attached.
     (**NOTE:** The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser.")
   - ☒ b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: (State how you know the defendant is not in the military. Be specific.)

     HAVE PERSONAL KNOWLEDGE

     _____

     _____

     _____

     _____

     _____

*NOTE: The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).

| **SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME** | Date 06/18/18 |
|---|---|
| Date  6/18/18 | Signature Of Affiant |
| Signature Of Person Authorized To Administer Oaths
Jeanette Dunn | Name Of Affiant (type or print)
Sean Stephen Walker |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court  ☐ Magistrate | |
| SEAL  ☑ Notary | Date My Commission Expires
10/14/2020 |

JEANETTE DUNN
NOTARY
PUBLIC
RANDOLPH COUNTY

NOTE TO COURT: Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.

(Over)

AOC-CV-750, Rev. 9/18
© 2018 Administrative Office of the Courts